UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
------------------------------------x
RICHARD BRYANT,                     :    CIVIL ACTION NO.:
                                    :    3:24-cv-686
       Plaintiff,                   :
                                    :
v.                                  :
                                    :
WORLD WRESTLING                     :
ENTERTAINMENT, INC.,                :
                                    :
       Defendant                    :    JUNE 20, 2024
------------------------------------x
```

**FORM 26(F) REPORT OF PARTIES' PLANNING MEETING**

Date Complaint Filed: March 26, 2024

Date Complaint Served: March 12, 2024 (Summons); March 15, 2024 (Return of Service)

Date of Defendant's Appearance: March 28, 2024

Removal Date: April 12, 2024

Pursuant to Fed. R. Civ. P. 16(b), 26(f), and D. Conn. L. Civ. R. 16, a conference was held on June 11, 2024. The participants were as follows:

        Ryan Wagner (Armstrong, Lee, & Baker LLP) for Plaintiff Richard Bryant ("Plaintiff").

        Stefanos Touzos (McDowell Hetherington LLP) and Andrew Barchet (Brooke & Struble, PC) for Defendant World Wrestling Entertainment, Inc. (now World Wrestling Entertainment, LLC) ("Defendant").

        Plaintiff and Defendant are collectively referred to as the "Parties."

**I. Certification**

        Undersigned counsel (after consultation with their clients) certify that (a) they have discussed the nature and basis of the Parties' claims and defenses and any possibilities for

achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

**II. Jurisdiction**

    **A. Subject Matter Jurisdiction**

        Plaintiff states that this Court has Subject Matter Jurisdiction over this claim based upon *Shapiro v. Logistec USA Inc.*, 412 F.3d 307 (2d Cir. 2005). Defendant does not object to jurisdiction at this time, but Defendant expressly reserves its right to move to compel this Action to arbitration and reserves all rights to dispute any alleged jurisdictional issues (if any) in connection with arbitration.

    **B. Personal Jurisdiction**

        Personal jurisdiction is not being challenged by either Party at this time.

**III. Brief Description of Case**

This Action arises from an event that Plaintiff attended and was organized by Defendant, WWE Friday Night SmackDown on July 15, 2022 at the Amway Center in Orlando, Florida. Plaintiff alleges that he was seated next to the stage at the event when pyrotechnics went off, allegedly damaging Plaintiff's hearing.

    **A. Claims of Plaintiff**:

        Plaintiff alleges negligence. Plaintiff alleges the following: Defendant was negligent in its failure to warn of the dangers of the pyrotechnics; failure to test the effects of the pyrotechnics on the premises; failure to operate with reasonable care; failure to hire, select, train, and supervise reasonably competent employees; failure to implement and enforce reasonable policies and procedures for the safe use of pyrotechnics; failure to use ordinary care in the administration of pyrotechnics; and

failure to warn Plaintiff of the potential effects of use of pyrotechnics. Plaintiff is seeking monetary damages and costs based on Plaintiff's alleged injuries, including (but not limited to) past and future medical treatment, loss of hearing, tinnitus, and psychological harm. Plaintiff reserves the right to assert claims of strict liability for injuries caused by pyrotechnics indoors.

**B. Defenses and Claims of Defendant**:

Defendant denies that it was negligent, and Defendant also denies that its pyrotechnics were the proximate cause of Plaintiff's alleged injuries, as Plaintiff alleged in the Complaint. Defendant asserts affirmative defenses including, but not limited to, the following: Plaintiff has failed to state a claim upon which relief can be granted; Plaintiff may have failed to mitigate the damages alleged in the Complaint; Plaintiff's alleged injuries and damages, if any, were caused by the negligent acts and/or omissions of other parties; Plaintiff's alleged injuries and alleged damages, if any, were caused by the negligent acts and/or omissions of the Plaintiff; Plaintiff's alleged injuries and alleged damages, if any, were caused by the negligent or intentional acts or omissions of non-Parties, over which this Defendant had no control and were not caused by any conduct for which this Defendant is responsible; the proximate cause of this alleged incident was the conduct and actions of Plaintiff or non-Parties and/or could have been avoided by the exercise of ordinary care by Plaintiff; the proximate cause of this alleged incident was unrelated to the actions of Defendant; and Plaintiff assumed the risk and/or released Defendant. Defendant reserves the right to raise any other affirmative defenses as the case progresses.

**C. Defenses and Claims of Third Party Defendant/s**:

3

There are no Third Party Defendants at this time.

**IV. Statement of Undisputed Facts**

The following material facts are undisputed: At this time, the Parties agree that there was a WWE Friday Night SmackDown event held on July 15, 2022, at the Amway Center, 400 W. Church Street Suite 200, Orlando, Florida 32801.

**V. Case Management Plan**:

**A**. **Initial Disclosures**:

The Parties' initial disclosures in accord with Fed. R. Civ. P. 26 will be served by July 11, 2024.

**B**. **Scheduling Conference**

1. The Parties request to be excused from holding a pre-trial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

**C**. **Early Settlement Conference**

1. The Parties certify that they are not close to settlement at this time.

2. The Parties do not request an early settlement conference.

3. The Parties do not request a referral for alternative dispute resolution ("ADR") pursuant to D. Conn. L. Civ. R. 16 at this time. Defendant, however, expressly reserves its right to move to compel this Action to arbitration.

**D. Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings**:

The Parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings:

**1.** Plaintiff should be allowed until October 11, 2024 to file motions to join additional parties and until October 11, 2024 to file motions to amend the pleadings.

Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules; a showing of "good cause" for the delay.

**2.** Defendant should be allowed until October 11, 2024 to file motions to join additional parties and until November 11, 2024 to file a response to the Complaint, or any amended complaint. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of "good cause" for the delay.

**E. Discovery**

**a.** Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the Parties—while reserving all rights to discuss and amend the foregoing dates, if necessary, based on information not available at this time—have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the Parties do not wish to limit discovery as permitted under Fed. R. Civ. P. 26(b)(1). Defendant reserves all rights to limit at a later date.

**b.** The Parties anticipate that discovery will be needed on the following subjects: including but not limited to, the subject incident, the investigation into the incident, any previous incidents, events leading up to the incident, other parties involved in the incident, WWE (or non-Parties responsible for pyrotechnics) policies and procedures in place for use of indoor pyrotechnics. The Parties reserve all rights to amend based on information revealed through discovery.

**c.** All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by July 11, 2024, and completed by June 26, 2025.

**d.** The Parties agree that Discovery will not be conducted in phases.

**e.** As noted above, the Parties agree that Discovery will not be conducted in phases.

**f.** The Parties anticipate that the Plaintiff will require a total of 5 depositions of fact witnesses and that the Defendant also will require a total of 5 depositions of fact witnesses. The depositions will commence by July 11, 2024 and be completed by June 26, 2025. The Parties reserve all rights to discuss and amend the foregoing dates, if necessary, based on information not available at this time.

**g.** The Parties will not request permission to serve more than 25 interrogatories.

**h.** Plaintiff and Defendant both intend at this time to call expert witnesses at trial.

**i.** The Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof. Plaintiff will designate its experts by March 14, 2025. Defendant will designate its experts by March 26, 2025. Depositions of any such experts will be completed by April 25, 2025.

**j.** The Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof by May 26, 2025. Depositions of such experts will be completed by June 26, 2025.

**k.** A damages analysis will be provided by any party who has a claim or counterclaim for damages by April 28, 2025.

**l.** Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The Parties agree to the following procedures for the preservation, disclosure, and management of electronically stored information. The following is the position of each party: The Parties agree to send such information electronically.

**m.** Undersigned counsel (after consultation with their clients) have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms. The Parties agree to the following procedures for the preservation, disclosure, and management of such information. The following is the position of each party: The Parties agree to scan and send discovery that is not already stored electronically.

**n.** Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for

7

asserting privilege claims after production. The Parties agree to the following procedures for asserting claims of privilege after production. The following is the position of each party: The Parties agree to redact protected information and supply opposing Party with a privilege log.

### F. Other Scheduling Issues

The Parties propose no other schedule for addressing other issues pertinent to this Case.

### G. Summary Judgment Motions

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before July 25, 2025.

### H. Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by August 11, 2025.

## VI. TRIAL READINESS

The case will be ready for trial by August 18, 2025.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this Action.

PLAINTIFF RICHARD BRYANT

By: /s/ *Ryan Wagner*                    Date: June 20, 2024
Ryan T. Wagner (phv207874)
Armstrong Lee & Baker LLP
2800 North Loop West, Ste. 900
Houston, Texas 77092
Tel: (832) 709-1124
Fax: (832) 709-1125
rwagner@armstronglee.com

DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.

By: /s/ *Stefanos I. Touzos*          Date: June 20, 2024
Stefanos I. Touzos (phv207125)
McDowell Hetherington LLP
1001 Fannin Street
Suite 2400
Houston, Texas 77002
Tel: (713) 221-3790
Fax: (713) 337-8850
stefanos.touzos@mhllp.com

and

By: /s/ *John. H. Brooke*          Date: June 20, 2024
John H. Brooke (phv207982)
Brooke & Struble, P.C.
112 E. Gilbert Street
Muncie, Indiana 47305
Tel: (765) 741-1375
Fax: (765) 288-7763
jbrooke@bslawgroup.com